FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAY 01 2014

D. MARK JONES, CLERK
BY_____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT FREEDMAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NU SKIN ENTERPRISES INC., RITCH N. WOOD, and M. TRUMAN HUNT,<br><br>Defendants. | Case No.: 2:14-cv-00033-DB<br><br>Judge Dee Benson |

*Captions Continue on Next Page*

| | |
|---|---|
| JUAN IGNACIO ZAPATA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NU SKIN ENTERPRISES, INC., RITCH N. WOOD, and M. TRUMAN HUNT,<br><br>Defendants. | Case No.: 2:14-cv-00062-DN<br><br>Judge Dee Benson |

| | |
|---|---|
| PAUL SIESSER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NU SKIN ENTERPRISES, INC., RITCH N. WOOD, and M. TRUMAN HUNT,<br><br>Defendants. | Civil Action No.: 2:14-cv-00074-BCW<br><br>Judge Dee Benson |
| ROBERT GRANZOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>NU SKIN ENTERPRISES, INC., M. TRUMAN HUNT, and RITCH N. WOOD,<br><br>Defendants. | Civil Action No.: 2:14-cv-00169-DB<br><br>Judge Dee Benson |

*Captions Continue on Next Page*

| | |
|---|---|
| STATE-BOSTON RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>NU SKIN ENTERPRISES, INC., M. TRUMAN HUNT, and RITCH N. WOOD,<br><br>Defendants. | Civil Action No.: 2:14-cv-00217-DN<br><br>Judge Dee Benson |

|   |   |
|---|---|
|   |   |

**ORDER FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Having considered the joint response and stipulation of lead plaintiff movants State-Boston Retirement System ("Boston"), Liang Bing and Chen Ying Ying, Michael J. DuDash and Stefan Ho, and Jason Spring for consolidation of related actions, appointment as Lead Plaintiff, and approval of selection of Counsel for the Class,

IT IS HEREBY ORDERED THAT:

I. The stipulation is approved.

II. The above-captioned actions are consolidated for all purposes (the "Consolidated Action"). This Order (the "Order") shall apply to the Consolidated Action and to each case that relates to the same subject matter that is subsequently filed in this Court or is transferred to this Court, and is consolidated with the Consolidated Action.

III. A Master File is established for this proceeding. The Master File shall be Case No. 14-cv-00033. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

IV. An original of this Order shall be filed by the Clerk in the Master File.

V. The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Action.

VI. Every pleading in the Consolidated Action shall have the following caption:

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| IN RE NU SKIN ENTERPRISES, INC., SECURITIES LITIGATION | Master File No. 2:14-cv-00033-DB <br><br> <u>CLASS ACTION</u> |
|---|---|

This Document Relates To:

---

VII. The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that may properly be consolidated as part of the Consolidated Action.

VIII. When a case that arises out of the same subject matter as the Consolidated Action is hereinafter filed in this Court or transferred from another court, the Clerk of this Court shall:

    A. file a copy of this Order in the separate file for such action;

    B. mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case, and to any new defendant(s) in the newly-filed case; and

    C. make the appropriate entry in the Master Docket for the Consolidated Action.

IX. Each new case that arises out of the subject matter of the Consolidated Action shall be consolidated with the Consolidated Action. This Order shall apply thereto, unless a party objects to consolidation (as provided for herein), or to any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party

2

by filing an application for relief, and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of Defendants' right to object to the consolidation of any subsequently-filed or transferred related action.

X. Boston is appointed to serve as Lead Plaintiff in the Action pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

XI. Boston's selection of Labaton Sucharow LLP as Lead Counsel for the Class is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead Counsel shall have the authority to speak for all Plaintiffs and Class members in all matters regarding the litigation, including, but not limited to, pretrial proceedings, motion practice, trial, and settlement. Lead Counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, Lead Counsel shall have the following responsibilities:

    A. to brief and argue motions;

    B. to initiate and conduct discovery, including, but not limited to, coordination of discovery with Defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    C. to direct and coordinate the examination of witnesses in depositions;

    D. to act as spokesperson at pretrial conferences;

    E. to call and chair meetings of Plaintiffs' counsel as appropriate or necessary from time to time;

  F. to initiate and conduct any settlement negotiations with Defendants' counsel;

  G. to provide general coordination of the activities of Plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required, in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplication or unproductive effort;

  H. to consult with and employ experts;

  I. to receive and review periodic time reports of all attorneys on behalf of Plaintiffs, to determine if the time is being spent appropriately and for the benefit of Plaintiffs, and to determine and distribute Plaintiffs' attorneys' fees; and

  J. to perform such other duties as may be expressly authorized by further order of this Court.

  XII. Christensen & Jensen, P.C. shall serve as Local Counsel for the Class.

DATED this 23rd day of April, 2014.

BY THE COURT:

_____
U.S. DISTRICT JUDGE

4