# Exhibit 1

Jonathan Gardner (*pro hac vice*)
Christine M. Fox (*pro hac vice*)
Guillaume Buell (*pro hac vice*)
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
jgardner@labaton.com
cfox@labaton.com
gbuell@labaton.com

Eric K. Jenkins (10783)
**CHRISTENSEN & JENSEN, P.C.**
257 East 200 South, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 323-5000
Facsimile: (801) 355-3472

*Counsel for Lead Plaintiff State-Boston Retirement System
and the Proposed Class*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IN RE NU SKIN ENTERPRISES, INC., SECURITIES LITIGATION | Master File No. 2:14-cv-00033-JNP-BCW<br><br>Hon. Jill Parrish |
| This Document Related To:<br>ALL ACTIONS | **DECLARATION OF TIMOTHY J. SMYTH, EXECUTIVE OFFICER OF STATE BOSTON RETIREMENT SYSTEM, IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT AND LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF EXPENSES** |

I, TIMOTHY J. SMYTH, hereby declare under penalty of perjury as follows:

1. I am the Executive Officer of the State-Boston Retirement System ("State Boston"), the Court-appointed Lead Plaintiff in this securities class action (the "Action").[1] State Boston is an institutional investor that provides retirement benefits for more than 34,000 active and retired employees of the City of Boston, Massachusetts, and manages approximately $5.4 billion in assets.

2. I submit this Declaration in support of (a) Lead Plaintiff's motion for final approval of the proposed settlement reached in the Action (the "Settlement"); and (b) Lead Counsel's request for an award of attorneys' fees, payment of litigation expenses, and approval of State Boston's request for reimbursement of the costs and expenses it incurred in connection with its representation of the Settlement Class in the Action. I have personal knowledge of the matters set forth in this Declaration as I have been directly involved in monitoring and overseeing the prosecution and settlement of the Action, and I could and would testify competently thereto.

I. **State Boston's Oversight of the Action**

3. In fulfillment of its responsibilities as a Court-appointed Lead Plaintiff, and on behalf of all members of the Settlement Class, State Boston undertook to diligently perform its role as a Lead Plaintiff in pursuit of a favorable result in this Action.

4. Since being appointed as a Lead Plaintiff, State Boston has, through the direct involvement of myself and others, among other things: (a) conferred regularly with counsel concerning issues of law and fact, and the overall strategies for the prosecution of the Action; (b) reviewed all significant court filings in the Action; (c) reviewed and responded to discovery

---

[1] Unless otherwise indicated herein, capitalized terms have the same meaning ascribed to them in the Stipulation and Agreement of Settlement, dated as of May 2, 2016.

requests, including producing documents and appearing for a deposition; (d) reviewed periodic reports from counsel concerning the work being done; and (e) conferred with counsel with respect to settlement and mediation efforts, including participating in certain negotiations and attending the two mediations.

5.  As part of this oversight, State Boston has taken very seriously its fiduciary obligations to maximize the class's potential recovery from the Action.

## II.  State Boston Strongly Endorses Approval of the Settlement by the Court

6.  Based on its involvement throughout the prosecution and resolution of the Action, State Boston believes that the proposed Settlement is fair, reasonable and adequate to the Settlement Class.  It also believes that the proposed Settlement represents a very favorable recovery for the Settlement Class, particularly in light of the significant risks of continued litigation in this case, including the challenges of establishing falsity, scienter and loss causation. Therefore, State Boston strongly endorses approval of the Settlement by the Court.

## III.  State Boston Supports Lead Counsel's Request for Attorneys' Fees and Payment of Expenses

7.  State Boston believes that Lead Counsel's request for an award of attorneys' fees in the amount of 29% of the Settlement Fund is fair and reasonable.  It has evaluated counsel's fee request by considering the significant amount of work they performed on behalf of the Settlement Class over the past two years, the risks they faced, and the substantial recovery obtained.  State Boston further believes that the litigation expenses being requested are reasonable, and represent costs and expenses necessary for the prosecution and resolution of this complex securities fraud action.

8.  Based on the foregoing, and consistent with its obligation to the class to obtain the best result at the most efficient cost, State Boston fully supports Lead Counsel's request for attorneys' fees and payment of litigation expenses.

9.  State Boston also understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized under Section 21D(a)(4) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(4). For this reason, State Boston seeks reimbursement for the costs that it incurred in connection with its representation of the Settlement Class. Such costs total $9,800, consisting of the cost of the time that representatives of State Boston devoted to participating in the Action (115 hours at $80 to $90 per hour).

10.  During the course of this litigation, I and Padraic Lydon, Esq., General Counsel for State Boston, have been the primary representatives responsible for monitoring and participating in the litigation efforts. We regularly conferred with Lead Counsel, reviewed court filings, responded to discovery requests (including my being deposed), and we attended both mediations in the case.

11.  The value of the time that State Boston personnel devoted to participating in the Action, time that otherwise would have been spent furthering the work of State Boston, is as follows:

| NAME and TITLE | HRS x RATE[2] | TOTAL |
| --- | --- | --- |
| Timothy Smyth, Esq., Executive Officer | 60 hrs x $90 /hr | $5,400 |
| Padraic Lydon, Esq., General Counsel | 55 hrs x $80 /hr | $4,400 |
| Total............................................................................. | | $9,800 |

---

[2] These rates are calculated by taking total compensation, and then dividing it by the number of hours worked, assuming a standard work week.

## IV. Conclusion

12. State Boston, the Court-appointed Lead Plaintiff that was closely involved throughout the prosecution and settlement of the Action, strongly endorses the Settlement as fair, reasonable and adequate, and believes it represents an excellent recovery for the Settlement Class. It further supports Lead Counsel's attorneys' fee and litigation expense request, and believes that it represents fair and reasonable compensation for counsel in light of the substantial work performed, the recovery obtained for the Settlement Class, and the risks faced by counsel. And finally, State Boston requests reimbursement for its expenses as set forth above.

Accordingly, State Boston respectfully requests that the Court approve (a) Lead Plaintiff's motion for final approval of proposed Settlement; and (b) Lead Counsel's request for an award of attorneys' fees, payment of litigation expenses, and reimbursement of SBRB's expenses.

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to execute this Declaration on behalf of Boston Retirement System.

_____
TIMOTHY SMYTH

Executed this 18 day of August, 2016