IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| IN RE NU SKIN ENTERPRISES, INC., SECURITIES LITIGATION | **ORDER AWARDING ATTORNEYS' FEES AND PAYMENT OF EXPENSES**<br><br>Case No. 2:14-cv-00033-JNP-BCW<br><br>Hon. Jill N. Parrish |

WHEREAS:

A. On October 5, 2016, a hearing having been held before this Court to determine, among other things, whether and in what amount to award Lead Counsel Labaton Sucharow LLP ("Labaton Sucharow" or "Lead Counsel"), on behalf of itself and all other counsel for Plaintiffs (collectively, "Plaintiff's Counsel"), in the above-captioned consolidated securities class action (the "Action") fees and litigation expenses directly relating to their representation of the Settlement Class; the Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court (the "Notice") was mailed to all reasonably identified persons or entities who purchased or acquired the publicly traded securities of Nu Skin Enterprises, Inc. ("Nu Skin" or the "Company") from May 4, 2011 through January 17, 2014, inclusive, and were allegedly damaged thereby; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *Investor's Business Daily* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members, counsel, and the Claims Administrator.

2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation and Agreement of Settlement, dated as of May 2, 2016 (the "Stipulation").

3. Notice of Lead Counsel's application for attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the application for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees in the amount of $13,630,000, plus interest at the same rate earned by the Settlement Fund, which is 29% of the Settlement Fund, and payment of litigation expenses in the amount of $448,873.49, plus interest at the same rate earned by the Settlement Fund, which sums the Court finds to be fair and reasonable.

5. The Court hereby awards Lead Plaintiff State-Boston Retirement System $9,800.00, pursuant to the PSLRA, 15 U.S.C. §78u-4(a)(4), to reimburse it for the time it dedicated to the prosecution of the Action on behalf of the Settlement Class.

6. The award of attorneys' fees and litigation expenses may be paid to Lead Counsel from the Settlement Fund subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein. Lead Counsel shall allocate said attorneys' fees and litigation expenses to itself and Plaintiffs' Counsel.

7. In making this award of attorneys' fees and payment of litigation expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Tenth Circuit and found that:

(a) The Settlement has created a common fund of $47 million in cash and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

(b) The requested attorneys' fees and payment of litigation expenses have been reviewed and approved as fair and reasonable by Lead Plaintiff, a sophisticated institutional investor represented by Lead Counsel for approximately ten years that was directly involved in the prosecution and resolution of the Action and which has a substantial interest in ensuring that any fees paid to Plaintiffs' Counsel are duly earned and not excessive;

(c) Plaintiffs' Counsel undertook the Action on a contingent basis, and have borne all the ensuing risk, including the risk of no recovery, given, among other things, the risks of succeeding in a case governed by the PSLRA and those presented by Defendants' defenses concerning the falsity of their statements, scienter, loss causation, and damages.

(d) The Action involves difficult and novel factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(e) Lead Counsel is highly experienced in the field of securities class actions and conducted the Action and achieved the Settlement with skillful and diligent advocacy;

(f) Plaintiffs' Counsel have devoted more than 12,000 hours, with a lodestar value of $6,827,478.50, to achieve the Settlement;

(g) The amount of attorneys' fees awarded are fair and reasonable and consistent with fee awards approved in cases within the Tenth Circuit and other Circuits with similar recoveries; and

(h) Notice was disseminated to Settlement Class Members stating that Lead Counsel would be submitting an application for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest, and payment of litigation expenses incurred in connection with the prosecution of this Action in an amount not to exceed $630,000, plus interest. No Settlement Class Members have filed an objection to the application for fees and expenses submitted by Lead Counsel.

8. Any appeal or challenge affecting this Court's approval of any attorneys' fee or expense application in the Action shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

9. Exclusive jurisdiction is retained over the subject matter of this Action and over all parties to the Action, including the administration and distribution of the Net Settlement Fund to Settlement Class Members.

10. In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the Stipulation.

DATED October 12, 2016

                                                BY THE COURT:

                                                _____
                                                Honorable Jill N. Parrish
                                                UNITED STATES DISTRICT JUDGE